2006 ME 131

**Brenda BISSON**

v.

**HANNAFORD BROTHERS COMPANY, INC.**

Supreme Judicial Court of Maine.

Argued: May 10, 2006.
Decided: Nov. 16, 2006.

David J. Van Baars, Esq. (orally), Shankman & Assoc., Brunswick, for plaintiff.

Wendell G. Large, Esq., Carol I. Eisenberg, Esq. (orally), Richardson, Whitman, Large & Badger, P.C., Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

CLIFFORD, J.

[¶ 1] Brenda Bisson appeals from a judgment entered in the Superior Court (Sagadahoc County, *Mills, J.*) dismissing, pursuant to M.R. Civ. P. 12(b)(6), her complaint for negligence against Hannaford Brothers Company, Inc. for supplying her with the wrong medication. Bisson contends that the court erred in dismissing the complaint for failure to comply with applicable provisions, including the statute

of limitations, of the Maine Health Security Act (MHSA), 24 M.R.S. §§ 2501–2987 (2005). She argues that pharmacists do not qualify as "health care practitioner[s]" pursuant to 24 M.R.S. § 2502(1–A), and therefore the procedural provisions of the MHSA and its three-year statute of limitations, *see* 24 M.R.S. § 2902, are not applicable in her case.

 [¶ 2] In reviewing a judgment dismissing a complaint pursuant to M.R. Civ. P. 12(b)(6), the facts alleged in the complaint are considered as if admitted by the defendant. *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830, 832. The complaint is examined "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43, 46–47 (quotation marks omitted). Dismissal is warranted only "when it appears beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that [she] might prove in support of [her] claim." *Id.* (quotation marks omitted). Based on the limited record before us—namely, a record that consists merely of the complaint alleging ·that Hannaford negligently supplied Bisson with the wrong medication—we cannot say "beyond doubt" that Bisson cannot recover based on some legal theory.

The entry is:

Judgment vacated. Remanded to the Superior Court for proceedings consistent with this opinion.