STATE OF MAINE                                        SUPERIOR COURT
CUMBERLAND, ss                                          CIVIL ACTION
                                                   DOCKET NO. CV-16-88

MAINE VENTURES INC.,

          Plaintiff

                              **STATE OF MAINE**
v.                        Cumberland, ss, Clerk's Office            ORDER

                              AUG 23 2016
JOSEPH LONDON, et al.,        **RECEIVED**

          Defendants


Before the court is a motion by defendants Cynthia Croy and Ralph Smith to dismiss the complaint as against them. The complaint filed by plaintiff Maine Ventures Inc. alleges that Maine Ventures was a creditor of JOM Inc. d/b/a Chipco Inc. and that the defendants, employees of Chipco, transferred Chipco funds to themselves at a time when Chipco was insolvent in violation of the Uniform Fraudulent Transfer Act (UFTA), 14 M.R.S. §§ 3571-82.

For purposes of a motion to dismiss, the material allegations of the complaint must be taken as admitted. *Ramsey v. Baxter Title Co.*, 2012 ME 113 ¶ 2, 54 A.3d 710. The complaint must be read in the light most favorable to the plaintiff to determine if it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief pursuant to some legal theory. *Bisson v. Hannaford Bros. Co., Inc.*, 2006 ME 131 ¶ 2, 909 A.2d 1010. Dismissal is appropriate only when it appears beyond doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim. *Moody v. State Liquor & Lottery Commission,* 2004 ME 20 ¶ 7, 843 A.2d 43. However, a plaintiff may not proceed if the complaint fails to allege essential elements of the cause of action. *See Potter, Prescott, Jamieson & Nelson P.A. v. Campbell,* 1998 ME 70 ¶¶ 6-7, 708 A.2d 283.

Croy and Smith allege that dismissal is warranted because the complaint does not adequately allege fraud with specificity under M.R.Civ.P. 9(b), because service of process was insufficient under M.R.Civ.P. 12(b)(4), and because the complaint fails to state a claim.

With respect to defendants' argument based on Rule 9(b), the complaint by Maine Ventures does not allege common law fraud. Assuming that Rule 9(b) also applies to a claim alleging a fraudulent transfer, the court will discuss below whether the factual allegations underlying the plaintiff's UFTA claim are stated with sufficient particularity.

With respect to defendants' argument based on Rule 12(b)(4), Croy and Smith are not arguing that they did not receive a proper summons but are reiterating their argument that the complaint does not state a claim and does not alleged fraud with sufficient specificity. Rule 12(b)(4), however, is addressed to defects in the summons. *See* 2 C. Harvey, Maine Civil Practice § 12:10 (2011). The court does not see any defects in the summonses served on Croy and Smith.

That leaves the issue of whether Maine Ventures has stated a claim under the UFTA and has done so with sufficient particularity. The court concludes that, as against Croy and Smith, the complaint adequately alleges that they received money beyond their authorized salaries at a time when Chipco was insolvent and that Chipco therefore did not receive reasonably equivalent value for their services. This states a claim under 14 M.R.S. § 3576(1).[1] The court also concludes that the factual allegations are sufficiently specific. Whether Maine Ventures can prove its claim is an issue to be determined in the future.

Croy and Smith note that the complaint alleges that the CEO of Chipco, John Kendall, was not aware of the unauthorized payments made to defendants. Complaint ¶¶ 17-18. Croy and

---

[1] As against defendant Joseph London, Maine Ventures has also alleged a claim pursuant to § 3576(2) because it has alleged that London was an insider. The complaint does not allege that Croy and Smith were insiders.

2

Smith argue that Maine Ventures is collaterally estopped on that issue because Kendall was convicted on eight criminal charges that were based on his knowledge of and participation in the alleged scheme. First, Kendall's convictions are now on appeal. Second, if those convictions are upheld, the question of whether Maine Ventures is collaterally estopped by those convictions may depend, at least in part, on whether Kendall and Maine Ventures are deemed to be in privity. *See Beal v. Allstate Insurance Co.,* 2010 ME 20 ¶ 20, 929 A.2d 733 (privity exists when two parties have a commonality of ownership, control, and interest in a proceeding).

Regardless of whether Kendall's convictions are upheld, if the CEO of Chipco was aware of and/or authorized illicit payments to defendants above and beyond the salaries they were nominally receiving and if Maine Ventures were to be found to be in privity with or an alter ego of Kendall, there would potentially be an "unclean hands" defense. This appears to be what Croy and Smith are arguing in their motion to dismiss. *See* Motion to Dismiss dated April 1, 2016 at 5-6. It can also perhaps be argued that if under the table payments were necessary to retain defendants as Chipco employees, then Chipco in fact received reasonably equivalent value. Those issues, however, cannot be determined on the face of the pleadings.

The entry shall be:

The motion to dismiss by defendants Croy and Smith is denied. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: August __23__, 2016

Thomas D. Warren
Justice, Superior Court

3