STATE OF MAINE                                         SUPERIOR COURT
CUMBERLAND, ss                                            CIVIL ACTION
                                                    DOCKET NO. CV-17-20

JONATHAN YORK, as Guardian
of SHERRI YORK,

              Plaintiff,

    v.                                                    ORDER

C.N. BROWN CO., et al.,

              Defendants.

STATE OF MAINE
Cumberland, ss, Clerk's Office

SEP 28 2017
4:18 PM
RECEIVED

Before the court is a motion by defendant C.N. Brown Co. to dismiss the revised amended complaint.

For purposes of a motion to dismiss, the material allegations of the complaint must be taken as admitted. *Ramsey v. Baxter Title Co.*, 2012 ME 113 ¶ 2, 54 A.3d 710. The complaint must be read in the light most favorable to the plaintiff to determine if it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief pursuant to some legal theory. *Bisson v. Hannaford Bros. Co., Inc.*, 2006 ME 131 ¶ 2, 909 A.2d 1010. Dismissal is appropriate only when it appears beyond doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim. *Moody v. State Liquor & Lottery Commission*, 2004 ME 20 ¶ 7, 843 A.2d 43. However, a plaintiff may not proceed if the complaint fails to allege essential elements of the cause of action. *See Potter, Prescott, Jamieson & Nelson P.A. v. Campbell*, 1998 ME 70 ¶¶ 6-7, 708 A.2d 283.

York's revised amended complaint asserts five causes of action against C.N. Brown; negligence, premises liability, intentional infliction of emotional distress, negligent infliction of emotional distress, and failure to supervise and control Eric Gwaro, who is alleged to have assaulted Sherri York in C.N Brown's parking lot.

## 1. York's Negligence Claim

As C.N. Brown points out, it is well established in Maine that parties ordinarily have no duty to protect others from the criminal conduct of a third party. *E.g., Gniadek v. Camp Sunshine,* 2011 ME 11 ¶ 17, 11 A.3d 308. Nevertheless, the court concludes that under the Law Court's decision in *Kaechele v. Kenyon Oil Co.,* 2000 ME 39, 747 A.2d 167, York has stated a cognizable claim for negligence.

In the *Kaechele* case the Law Court ruled that the proprietor of a 24 hour convenience store has a duty to exercise reasonable care regarding the safety of its patrons, including a duty to guard patrons on its premises from known dangers and dangers that it should reasonably anticipate. 2000 ME 39 ¶¶ 8-10. *Kaechele* specifically involved an assault upon a patron of a convenience store in the store parking lot.

The revised amended complaint alleges that a poorly trained employee of C.N. Brown observed that Sherri York had been injured when she returned to the Big Apple at 2:31am, that he did not call the police or make any effort to ensure York's safety, and that when she went back out into the parking lot, surveillance camera visible to the C.N. Brown employee recorded Eric Gwaro violently assaulting York. The revised amended complaint further alleges that Gwaro then dragged York to an adjacent property where she was severely beaten, and that the C.N. Brown employee never called the police.

Those allegations are sufficient to state a claim for negligence against C.N. Brown under *Kaechele.*

## 2. Premises Liability

Premises liability is based on the existence of a dangerous condition on the property, and the court is aware of no authority suggesting that criminal conduct by a third person (not alleged to have been a frequent presence in the parking lot or on the premises) can constitute a "dangerous condition" on the premises.

C.N. Brown's motion to dismiss is granted with respect to York's premises liability claim.

### 3. Intentional Infliction of Emotional Distress

In order to recover on a claim of intentional infliction of emotional distress (IIED), a plaintiff must prove that

(1) the defendant engaged in conduct that intentionally or recklessly caused severe emotional distress or was substantially certain that such distress would occur from the defendant's conduct;

(2) the conduct was so extreme and outrageous as to exceed all bounds of decency and be regarded as atrocious and intolerable in a civilized society;

(3) the defendant's conduct caused the plaintiff's emotional distress; and

(4) the emotional distress was so severe that no reasonable person could be expected to endure it.

*Lyman v. Huber*, 2010 ME 139 ¶ 16, 10 A.3d 707.

On the facts as alleged in the revised amended complaint, it may be very unlikely that York will be able to prove the necessary elements of an IIED claim. Nevertheless, the court cannot conclude from the pleadings that it appears beyond doubt that York will not be able to prove the facts necessary for this claim. An IIED claim may be based on recklessness – if the defendant knows or should know that its conduct creates an unreasonable risk of harm to another person and the unreasonableness of defendant's conduct exceeds negligence. *Curtis v. Porter*, 2001 ME 158 ¶ 13, 784 A.2d 18. In this case it is theoretically possible from the allegations in the revised amended complaint that C.N. Brown's conduct was not only reckless but was so extreme and outrageous as to allow York to proceed on an IIED claim.

C.N. Brown's motion to dismiss is denied as to count three of the revised amended complaint.

3

### 4. Negligent Infliction of Emotional Distress

The court does not understand why York is asserting a free-standing negligent infliction of emotional distress (NIED) claim when recovery will be available for emotional distress and mental anguish based on Sherri York's physical injuries if York prevails on the negligence claim. *See Curtis v. Porter,* 2001 ME 158 ¶ 19.

In any event, the revised amended complaint does not set forth a cognizable NIED claim because (1) it does not allege that Sherri York was a bystander and (2) the proprietor-patron relationship is not the kind of "special relationship" required to proceed on a NIED claim. *See Curtis v. Porter,* 2001 ME 158 ¶ 19 (NIED recovery limited to bystander liability claims and cases where special relationship existed between victim and tortfeasor). If the relationship between a church and its parishioners does not constitute a special relationship for purposes of NIED absent specific facts showing a prolonged, extensive, and dependent involvement, *see Bryan R. v. Watchtower Bible and Tract Society Inc.,* 1999 ME 144 ¶¶ 31-32, 738 A.2d 839; *Fortin v. Roman Catholic Bishop,* 2005 ME 57 ¶ 34, 871 A.2d 1208 (altar boy), the relationship between a convenience store and its patrons falls far short of qualifying as a special relationship for purposes of NIED.

### 5. Assault and Battery - Failure to Supervise and Control Eric Gwaro

York seeks to hold C.N. Brown liable for assault and battery based on the allegation that C.N. Brown failed to supervise and control Gwaro, who was on C.N. Brown's property. Revised amended complaint ¶ 42. However, the revised amended complaint makes no allegation that Gwaro was employed by C.N. Brown or offer any other theory from which it could be argued that C.N. Brown had any duty to supervise or control Gwaro. The court is aware of no authority – and York has offered none – for the proposition that a business open to the public has a duty to supervise and control members of the public who may

4

enter on business property – other than its duty to exercise reasonable care regarding the safety of its patrons as discussed above with respect to York's negligence claim.

C.N. Brown's motion to dismiss York's assault and battery and negligent supervision claim is granted.

## 6. Punitive Damages

The court agrees with York that it is premature to consider whether punitive damages may be available against C.N. Brown on a motion addressed to the pleadings.

## 7. Joint and Several Liability

C.N. Brown argues that it cannot be found to be jointly and severally liable with Gwaro because Gwaro is alleged to have committed an intentional tort. The intentional wrongs Gwaro is alleged to have committed would preclude Gwaro from asserting a claim for contribution against C.N. Brown. *Bedard v. Greene,* 409 A.2d 676, 677 (Me. 1979). However, both C.N. Brown and Gwaro could be found responsible for Sherri York's injuries (C.N. Brown for negligence, Gwaro for assault and battery), and in that case the court can see no reason why C.N. Brown and Gwaro would not be jointly and severally liable. *See* 14 M.R.S. § 156.

The entry shall be:

Defendant C.N. Brown Co.'s motion to dismiss is granted with respect to counts two four, and five of the revised amended complaint (premises liability, NIED, and assault and battery/negligent supervision) and is otherwise denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: September 28, 2017

Thomas D. Warren
Justice, Superior Court

5

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2017-00020

**DOCKET RECORD**

SHERRI L YORK  - PLAINTIFF

Attorney for: SHERRI L YORK
PETER CLIFFORD  - RETAINED
CLIFFORD & CLIFFORD LLC
62 PORTLAND RD SUITE 37
KENNEBUNK ME 04043

JONATHAN YORK (GUARDIAN)  - PLAINTIFF

Attorney for: JONATHAN YORK (GUARDIAN)
PETER CLIFFORD  - RETAINED
CLIFFORD & CLIFFORD LLC
62 PORTLAND RD SUITE 37
KENNEBUNK ME 04043


vs
ERIC M GWARO  - DEFENDANT
C/O BOLDUC CORRECTION FACILITY, 516 CUSHING ROAD
WARREN ME 04864
Attorney for: ERIC M GWARO
JONATHAN BROGAN  - RETAINED 06/29/2017
NORMAN HANSON & DETROY LLC
TWO CANAL PLAZA
PO BOX 4600
PORTLAND ME 04112-4600

CN BROWN COMPANY - DEFENDANT
1 CN BROWN WAY
SOUTH PARIS ME 04281
Attorney for: CN BROWN COMPANY
MICHAEL P JOHNSON  - RETAINED 07/21/2017
BOYLE SHAUGHNESSY & CAMPO PC
477 CONGRESS ST 5TH FLOOR
PORTLAND ME 04101

Attorney for: CN BROWN COMPANY
JOSEPH P MENDES  - RETAINED 07/21/2017
BOYLE SHAUGHNESSY & CAMPO PC
477 CONGRESS ST 5TH FLOOR
PORTLAND ME 04101

Attorney for: CN BROWN COMPANY
JAMES M BOWIE  - RETAINED 01/25/2017
THOMPSON BOWIE & HATCH LLC
PO BOX 4630
415 CONGRESS STREET 5TH FLOOR
PORTLAND ME 04112-4630

Attorney for: CN BROWN COMPANY
SARAH YANTAKOSOL GAYER  - RETAINED 03/03/2017
THOMPSON BOWIE & HATCH LLC
PO BOX 4630
415 CONGRESS STREET 5TH FLOOR
PORTLAND ME 04112-4630

Filing Document: COMPLAINT                    Minor Case Type: PROPERTY NEGLIGENCE
Filing Date: 01/12/2017

## Docket Events:

01/12/2017 FILING DOCUMENT - COMPLAINT FILED ON 01/12/2017

01/13/2017 Party(s):  JONATHAN YORK (GUARDIAN)
           ATTORNEY - RETAINED ENTERED ON 01/12/2017
           Plaintiff's Attorney: PETER CLIFFORD

01/13/2017 Party(s):  SHERRI L YORK
           ATTORNEY - RETAINED ENTERED ON 01/12/2017
           Plaintiff's Attorney: PETER CLIFFORD

01/13/2017 Party(s):  CN BROWN COMPANY
           SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP SERVED ON 01/04/2017
           SIGNED BY JAMES BOWIE ESQ

01/13/2017 Party(s):  CN BROWN COMPANY
           SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP FILED ON 01/12/2017

01/13/2017 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 01/13/2017
           LANCE  WALKER , JUSTICE

01/25/2017 Party(s):  CN BROWN COMPANY
           RESPONSIVE PLEADING - ANSWER FILED ON 01/25/2017
           OF DEF C.N. BROWN (AP)

01/25/2017 Party(s):  CN BROWN COMPANY
           ATTORNEY - RETAINED ENTERED ON 01/25/2017
           Defendant's Attorney: JAMES M BOWIE

02/24/2017 CASE STATUS - CASE FILE LOCATION ON 02/24/2017
           TO JUSTICE WALKER FOR REVIEW OF PROPOSED SCHEDULING ORDER. (MC)

03/01/2017 CASE STATUS - CASE FILE RETURNED ON 02/28/2017

03/01/2017 ORDER - SCHEDULING ORDER ENTERED ON 02/28/2017
           LANCE  WALKER , JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL ON 03/01/17. (MC)

03/01/2017 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 11/01/2017

03/06/2017 Party(s):  CN BROWN COMPANY
           ATTORNEY - RETAINED ENTERED ON 03/03/2017