STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-208

PACKGEN INC.,

Plaintiff

v.

ORDER

BERNSTEIN SHUR SAWYER
& NELSON P.A.,

Defendant

STATE OF MAINE
Cumberland ss Clerk's Office

DEC 08 2017    mcv
                2:15PM
RECEIVED

Before the court is a motion to dismiss by defendant Bernstein Shur Sawyer & Nelson (BSSN).

The amended complaint by plaintiff Packgen Inc. alleges that BSSN committed professional negligence by failing to properly serve a notice of claim under oath pursuant to 14 M.R.S. § 1602-B(5) against a company that had allegedly supplied defective laminate product to Packgen. Under 14 M.R.S. § 1602-B(5) prejudgment interest accrues from the time that a notice of claim under oath is served upon the defendant if a judgment is eventually obtained against the defendant.

Packgen alleges that on May 29, 2008 a BSSN attorney served a notice of claim which was not under oath and then failed to serve any notice of claim under oath during the ensuing period when BSSN continued to represent Packgen. Packgen alleges that it retained new counsel in 2011 and that new counsel promptly brought suit against the supplier and recovered a substantial verdict. However, allegedly because the notice of claim had not been sworn, Packgen only recovered prejudgment interest from the date of the filing of the complaint. Packgen now seeks to recover damages from BSSN for the loss of that prejudgment interest.

The issue presented by BSSN's motion to dismiss is whether on the fact of the complaint, Packgen's claims are barred by the statute of limitations. For purposes of a motion to dismiss, the material allegations of the complaint must be taken as admitted. *Ramsey v. Baxter Title Co.*, 2012 ME 113 ¶ 2, 54 A.3d 710. The complaint must be read in the light most favorable to the plaintiff to determine if it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief pursuant to some legal theory. *Bisson v. Hannaford Bros. Co., Inc.*, 2006 ME 131 ¶ 2, 909 A.2d 1010. Dismissal is appropriate only when it appears beyond doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim. *Moody v. State Liquor & Lottery Commission,* 2004 ME 20 ¶ 7, 843 A.2d 43. However, a plaintiff may not proceed if the complaint on its face shows that the claim asserted is barred by the statute of limitations. *E.g., McAfee v. Cole,* 637 A.2d 463, 465-66 (Me. 1994).

Although the court is usually limited to the four corners of the complaint in deciding a motion to dismiss, it can consider official public documents, documents that are central to the complaint, and documents referred to in the complaint without converting a motion to dismiss into a motion for summary judgment. *Moody v. State Liquor and Lottery Commission*, 2004 ME 20 ¶¶ 9-10. In this case both parties have included in their motion papers documents from Packgen's lawsuit against the supplier and a tolling agreement effective December 11, 2015 between Packgen and BSSN referred to in the amended complaint.

## Statute of Limitations – Attorney Malpractice

The alleged professional negligence occurred on May 29, 2008, and this action was not commenced until May 23, 2017 – almost nine years later. The applicable statute of limitations is six years from the date that a claim accrues. 14 M.R.SA. § 752. Moreover, for claims against attorneys alleging professional negligence, malpractice, or breach of contract for legal services, 14 M.R.S. § 753-B(1) expressly provides that, except in cases relating to

2

the drafting of wills and the rendering of title opinions, "the statute of limitations starts to run from the date of the act or omission giving rise to the injury, not from the discovery of the malpractice, negligence, or breach of contract."

If, as BSSN argues, Packgen's malpractice claim accrued on May 29, 2008, the statute of limitations would have expired on May 29, 2014. This would be true despite the tolling agreement entered in December 2015 because the tolling agreement did not save a claim that was already time-barred.

In opposition to BSSN's motion, Packgen argues that its complaint alleges ongoing professional negligence that lasted until Packgen obtained new counsel in 2011. If this were sufficient to extend the statute of limitations, the action would be timely.[1]

In support of this argument, Packgen contends that its action is timely under both what is known as the "continuing representation" doctrine and what is known as the "continuing negligence" doctrine. The continuing representation doctrine would toll the running of the statute of limitations until the professional relationship terminates with respect to the matter underlying the malpractice action. *Nevin v. Union Trust,* 1999 ME 47 ¶ 36, 726 A.2d 694, citing *Smith v. Stacy,* 482 S.E.2d 115, 120 (W.Va. 1996). It appears that the primary rationale for the continuous representation doctrine is that because of the relationship of trust between client and attorney, "there can be no effective discovery of the negligence so long as the relationship prevails." *Smith v. Stacy,* 482 S.E.2d at 121.

The continuing representation doctrine is inconsistent with the Legislature's decision in 14 M.R.S. § 753-B(1) to reject a discovery rule and to require that the six year statute of limitations run from the act or omission giving rise to the injury. Indeed, in medical malpractice cases the Law Court has concluded that the medical analogue of the continuing representation doctrine – the "continuing course of treatment" doctrine – is precluded by 24 M.R.S. § 2902, which provides that a cause of action for medical

---

[1] Based on the tolling agreement, the action would be timely if Packgen's cause of action had accrued anytime from December 11, 2009 onward.

malpractice "accrues on the date of the act or omission giving rise to the injury." *Dickey v. Vermette,* 2008 ME 179 ¶ 7, 960 A.2d 1178.

The "continuing negligence" doctrine, in contrast, has been accepted by the Law Court in medical malpractice cases where a single cause of action arises from multiple acts or omissions that each contributed to the proximate cause of the harm complained so long as at least one of the allegedly negligent acts or omissions occurred within the three-year statute of limitations in 24 M.R.S. § 2902. *Baker v. Farrand,* 2011 ME 91 ¶ 29, 26 A.3d 806. In *Baker,* the plaintiff alleged that the defendant primary care physician had committed malpractice by failing to refer him to a urologist based on high PSA tests in each of the years 2002, 2003, 2004, and 2005. Only the tests conducted in 2004 and 2005 fell within the three year period before Baker had filed his notice of claim. 2011 ME 91 ¶¶ 3-5. The Law Court, however, found that Baker could pursue claims of alleged negligence for acts or omissions that had occurred more than three years prior to his notice of claim if, in combination with an act or omission that had occurred within the limitation period, those acts contributed to and were a proximate cause of Baker's harm.

Packgen argues that the continuing negligence doctrine should also apply in legal malpractice actions. This may be correct. Even though the medical malpractice statute does not have the same express language precluding a cause of action from running from the date of discovery, the Law Court has interpreted both 24 M.R.S. 2902 and 14 M.R.S. § 753-B(1) as statutes of repose precluding a discovery rule. *See Baker v. Farrand,* 2011 ME 91 ¶¶ 16, 21 n.5; *White v. McTeague Higbee Cohen Case Whitney & Toker P.A.,* 2002 ME 160 ¶¶ 7-8, 809 A.2d 2002.

Assuming that the continuing negligence doctrine is applicable, Packgen seeks to bring itself within the continuing negligence doctrine by alleging that BSSN was not just negligent in failing to file a notice of claim under oath on May 29, 2008 but also by failing to remedy the problem by subsequently serving a proper notice of claim, by not advising Packgen of the need to file a proper notice of claim, and by not advising Packgen that it

4

should promptly file suit in the absence of a proper notice of claim. Amended Complaint ¶ 6.

Although this argument is ingenious, it amounts to the contention that as long as BSSN represented Packgen, it had an obligation to remedy the alleged omission in its May 29, 2008 notice. As a practical matter, this is indistinguishable from the "continuing representation" doctrine which is not viable for the reasons stated above. Moreover, if accepted, it would negate or erode, by artful pleading, the Legislature's rejection of the discovery rule in legal malpractice cases.

Indeed, it is particularly difficult to reconcile Packgen's argument in this case with the Legislature's rejection of a discovery rule because BSSN would have had to discover that it had erred in its May 29, 2008 notice before it could have sought to remedy the problem. Packgen does not contend that BSSN discovered the problem and took no action.[2] All of the alleged acts and omissions within the statute of limitations on which Packgen relies, therefore, are premised on BSSN's allegedly negligent failure to discover and remedy the problem. If section 753-B(1) specifies that a cause of action for legal malpractice does not accrue upon the discovery of alleged malpractice, it is difficult to see why it should accrue based on a lawyer's failure to discover and remedy prior malpractice.[3]

The court agrees with the various courts that have suggested that if the issue of when a cause of action accrues were left to the courts to interpret as a matter of common law, a reasonable argument can be made in support of a discovery rule or the adoption of the continuing representation doctrine. Nevertheless, the Legislature has chosen a different rule, and the court is bound by that choice. In this case the court concludes that 14 M.R.S. § 753-B(1) bars Packgen's claim that it should be able to proceed on a claim stemming from

---

[2] If that were true, Packgen could arguably contend that the fraudulent concealment statute would apply in this case. 14 M.R.S. § 859. Nondisclosure in the case of an attorney client relationship may constitute fraud but only if the nondisclosure is intentional, *Glynn v. Atlantic Seaboard Corp.*, 1999 ME 53 ¶ 12 – meaning in this case that BSSN discovered the problem but chose not to tell Packgen.

[3] The wording in 14 M.R.S. § 753-B(1) specifies that a cause of action does not accrue from discovery and does not specify by whom the discovery is made.

BSSN's acts and omissions with respect to its May 29, 2008 notice of claim and the alleged resulting loss of prejudgment interest.

## BSSN's Alternative Argument

BSSN argues in the alternative that Packgen's damage claim can be dismissed on the face of the complaint as too speculative because in declining to award prejudgment interest from the unsworn notice of claim, Judge Torresen also stated that even if she found Packgen's notice of claim to be valid, she would partially waive prejudgment interest between the notice of claim and the filing of this action. March 7, 2016 order in *Packgen v. Berry Plastics Corp., Docket No 2:12-cv-80-NT,* at page 6 (annexed as Exhibit A to BSSN motion to dismiss). There is some force to this argument: the jury may be reduced to speculation as to what percentage of the lost prejudgment interest would have been awarded if the notice of claim had been proper. *See Steeves v. Bernstein Shur Sawyer & Nelson P.C.,* 1998 ME 210 ¶ ¶ 12-13, 718 A.2d 186 (finding summary judgment appropriate when the link between the lawyer's act or omission and the alleged damage is too speculative). However, Judge Torresen's alternative ruling that prejudgment interest would have been partially waived in any event appears to be based on Packgen's delay in filing the action, and Packgen alleges that this resulted from a lack of diligence on the part of BSSN. Amended Complaint ¶ 8.

The court does not have to reach the issue of whether it could find from Judge Torresen's ruling that the damages are too speculative because it finds that § 753-B(1) is dispositive of Packgen's claim for lost pre-judgment interest.

## Packgen's Remaining Allegations

Packgen also appears to argue that its claim is not limited to the loss of prejudgment interest because of BSSN's failure to diligently pursue the case and keep Packgen informed of its status constituted legal malpractice "which caused additional damage to Packgen."

6

Amended Complaint ¶¶ 8, 11. Packgen's amended complaint, however, in no way specifies what additional damage or losses were allegedly caused by BSSN's lack of diligence. Accordingly, if Packgen is arguing that BSSN's alleged lack of diligence resulted in losses to Packgen other than the loss of prejudgment interest, it may file a motion to file an amended complaint specifying what losses – apart from the loss of prejudgment interest – were allegedly sustained and how BSSN's alleged lack of diligence during its representation of Packgen was a legal cause of those alleged losses.

The entry shall be:

1. Defendant's motion to dismiss is granted as to any claim for loss of prejudgment interest prior to the filing of plaintiff's federal complaint.

2. Plaintiff is granted leave to file a motion to amend on or before January 2, 2018 if it contends that professional negligence on the part of defendant on or after December 11, 2009 caused it to incur financial losses other than the loss of prejudgment interest, including with the motion a proposed 2d amended complaint specifying the nature of the other losses in question and how those losses resulted from an alleged lack of diligence on the part of defendant.

3. If plaintiff does not file a motion to amend by January 2, 2018 as set forth in paragraph 2 above, the court will issue a final judgment dismissing the amended complaint without further notice.

4. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: December _8_, 2017

Thomas D. Warren
Justice, Superior Court

7