STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-19-208

CHRISTINE PARENT, individually
and in her capacity as Personal Representative
of the Estate of Paul Parent,

Plaintiff

v.

ORDER

MAINEHEALTH d/b/a THE PHARMACY
AT MAINE MEDICAL CENTER,

Plaintiff-Alexander Spadinger, Esq.
Defendant-Joshu Hadiaris, Esq.

Defendant

Before the court is a motion by defendant MaineHealth to dismiss the complaint in this action for failure to comply with the procedural requirements of the Maine Health Security Act, 24 M.R.S. § 2903.

The complaint alleges that plaintiff Christine Parent's deceased husband, Paul Parent, was diagnosed with an autoimmune disease and received a prescription for an immunosuppressant drug called Mycophenolate. That prescription was filled by the Pharmacy at Maine Medical Center on November 22, 2016 but instead of providing Parent with the prescribed Mycophenolate pills, the pharmacy gave him a bottle containing 400mg tablets of Quetiapine Fumarate, an anti-psychotic medication commonly known as Seroquel. After Parent experienced severe side effects from the Seroquel, which resulted in three admissions to Southern Maine Health Center, the medication error was discovered on December 16, 2016. Complaint ¶¶ 3, 5, 8-26. Plaintiff seeks recovery for pain, suffering, physical and emotional injuries, and lost wages experienced by Paul Parent as a result of the medication error and for loss of consortium on behalf of Christine Parent.

REC'D CUMB CLERKS OFC
JAN 2 '20 AM 8:39

In its motion to dismiss, MaineHealth argues that this is an action against a "health care provider" within the meaning of 24 M.R.S. § 2502(2) and that it arises out of "the provision or failure to provide health care services" within the meaning of 24 M.R.S. 2502(6) and therefore requires the service of a notice of claim and submission of the claim to the screening panel process as set forth in 24 M.R.S. § 2903 and §§ 2851-58.

Plaintiff argues that pharmacies are not included within the definition of "health care provider" under the Health Security Act and that prior decisions have allowed actions against pharmacies to proceed without following the screening panel process under the Health Security Act. *See Bisson v. Hannaford Bros. Co.*, 2006 ME 131 ¶¶ 1-2, 909 A.2d 1010; *Boynton v. Brooks Drug*, Civil No. 97-0171-B (D. Me.) (order dated February 12, 1998) (Beaulieu, Magistrate Judge).[1]

Section 2903 of the Health Security Act provides that "[n]o action for professional negligence may be commenced" until the plaintiff has served a notice of claim and complied with the screening panel process. "Action for professional negligence" is defined in the Health Security Act as follows:

> any action for damages for injury or death against any health care provider, its agents or employees, or health care practitioner, his agents or employees, whether based on tort or breach of contract or otherwise, arising out of the provision or failure to provide health care services.

24 M.R.S. § 2502(6). Accordingly, the Health Security Act does not apply unless the action is brought against a "health care provider" or "a health care practitioner." In this case plaintiff has

---

[1] Citing *Brand v. Seider*, 1997 ME 176 ¶ 6, 697 A.2d 846, Parent also argues that if the court disagrees, it should stay this action to allow compliance with the Health Security Act since her complaint was filed within the three year deadline set forth in 24 M.R.S. § 2902.

not named any individuals as defendants, and Maine Health's motion to dismiss therefore turns on whether the Pharmacy at Maine Medical Center is a "health care provider."

For purposes of the Health Security Act a "health care provider" is defined as

> any hospital, clinic, nursing home, or other facility in which skilled nursing care or medical services are prescribed by or performed under the general direction of persons licensed to practice medicine, dentistry, podiatry, or surgery in this State and that is licensed or otherwise authorized by the laws of this State. "Health care provider" includes a veterinary hospital.

24 M.R.S. § 2502(2). This definition does not include pharmacies. [2]

In *Bisson v. Hannaford Bros. Co.,* the Law Court was faced with the issue of whether a complaint for negligence against Hannaford for supplying a person with the wrong medication had been properly dismissed for failure to comply with the Health Security Act. The Court did not squarely address the question of whether pharmacies qualify as "health care providers" under the Act, but it noted that the plaintiff in *Bisson* argued that pharmacists did not qualify as "health care practitioners." 2006 ME 131 ¶ 1. The Court then proceeded to vacate the decision below and allowed the action to proceed. 2006 ME 131 ¶ 2.

The court interprets *Bisson* as holding that an action for negligently supplying a person with the wrong medication is not subject to the requirements of the Health Security Act. This holding would appear to apply to plaintiff's complaint in the case at bar.

MaineHealth argues with some force that *Bisson* should not apply to this case for a variety of reasons, including the following: (1) that the Pharmacy at Maine Medical Center is a d/b/a of MaineHealth, formerly known as Maine Medical Center; (2) that Maine Medical Center is a

---

[2] If plaintiff had named an individual pharmacist as a defendant, there would be a question whether pharmacists would qualify as "health care practitioners" as defined in 24 M.R.S. § 2502(1-A) to include persons "certified, registered, or licensed in the healing arts." The Law Court in *Bisson v. Hannaford Bros. Co.* (by implication) and the federal magistrate judge in *Boynton v. Brooks Drug* (expressly) have suggested that question should be answered in the negative.

3

licensed hospital that qualifies as a "health care provider;" (3) that the Pharmacy at Maine Medical Center is located within and is an integral part of the hospital; and (4) that under both state and federal regulations the hospital is required to have a pharmacy.

The difficulty with these arguments is that the specific entity alleged to have been negligent in this case is a pharmacy, and for better or worse pharmacies are not included within the definition of "health care provider" under the Health Security Act. In addition, if MaineHealth's arguments were accepted, claims based on incorrectly filled prescriptions at Hannaford, Walgreen, or CVS pharmacies would not come within the Health Security Act but claims based on incorrectly filled prescriptions at hospital pharmacies would require notices of claim and submission to the screening panel process. This court is required to follow the Law Court's *Bisson* decision and cannot see any logic in differentiating pharmacy claims depending on the location of the pharmacy.

The entry shall be:

Defendant's motion to dismiss is denied. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: December 27, 2019

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 01/02/20

4