STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-21-21

MICHAEL CHLUDZINSKI, et al.,

        Plaintiffs

v.

        ORDER

ZOE SCOTT, et al.,

        Defendants

Before the court is third-party defendant Donn Storey's motion to dismiss Count Four (negligent misrepresentation) and Count Six (fraud) of the third-party complaint filed against him by defendants Zoe Scott and Michael Falby.

Plaintiffs Michael and Christina Chludzinski commenced this action by filing a complaint against Scott, Falby and a third defendant, Steven Colby, asserting a claim pursuant to 14 M.R.S. § 7552 for cutting down trees and disturbing soils on the Chludzinskis' property in Casco. Scott and Falby had purchased property in the vicinity of the Chludzinskis' property and had hired Colby to clear a portion of the land for a house site. Colby is alleged, as an agent for Scott and Falby, to have wrongly cut down trees and disturbed soil on the Chludzinskis' property.

Various counterclaims and cross-claims have been filed. As relevant to the instant motion, Scott and Falby filed a third-party complaint against Storey, from whom they had purchased their property. In the their third-party complaint they allege that Gloria Hewey, a realtor acting as Storey's agent, had provided them with inaccurate and false information with respect to the location of the property they purchased.[1]

---

[1] Scott and Falby only named Storey, and not Hewey, in their third-party complaint. Once he was sued by Scott and Falby, however, Storey filed a third -party complaint against Hewey.

REC'D CUMB CLERKS OF
NOV 5 '21 AM 8:19

## Standard of Review

For purposes of a motion to dismiss, the material allegations of a third-party complaint must be taken as admitted. *Ramsey v. Baxter Title Co.*, 2012 ME 113 ¶ 2, 54 A.3d 710. The third-party complaint must be read in the light most favorable to the third-party plaintiff to determine if it sets forth elements of a cause of action or alleges facts that would entitle the third-party plaintiff to relief pursuant to some legal theory. *Bisson v. Hannaford Bros. Co., Inc.*, 2006 ME 131 ¶ 2, 909 A.2d 1010. Dismissal is appropriate only when it appears beyond doubt that the third-party plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim. *Moody v. State Liquor & Lottery Commission*, 2004 ME 20 ¶ 7, 843 A.2d 43. However, the third-party complaint should be dismissed if it fails to allege essential elements of the cause of action. *See Potter, Prescott, Jamieson & Nelson P.A. v. Campbell*, 1998 ME 70 ¶¶ 6-7, 708 A.2d 283.

A separate rule applies to allegations of fraud because M.R.Civ.P. 9(b) requires that the circumstances allegedly constituting fraud must be stated with particularity.

## Negligent Misrepresentation

Count Four of the Scott-Falby third-party complaint alleges a claim of negligent misrepresentation:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Chapman v. Rideout*, 568 A.2d 829, 830 (Me. 1990), quoting Restatement (Second) of Torts § 552(1) (1977). A negligent misrepresentation claim is not subject to the heightened pleading standard applicable to a fraud claim.

2

The third-party complaint alleges that Storey was the seller of property for which he received $47,500 (demonstrating Storey's pecuniary interest), that Hewey as Storey's agent[2] provided false information to Scott and Falby as to the location of the property when they were purchasing the property, that Hewey as Storey's agent failed to exercise reasonable care in providing the information in question, that Scott and Falby justifiably relied on that information, and that as a result they incurred a pecuniary loss. Third-Party Complaint ¶¶ 5-7, 10, 13-14, 17, 36, 53-56. This adequately states a claim for negligent misrepresentation.

While the third-party complaint is somewhat equivocal on the issue of reliance – because it alleges that Scott and Falby sought to have their contractor confirm the location information they had been given (*Id.* ¶ 18) – the court cannot conclude from the allegations of the third-party complaint that it is beyond doubt that they did not justifiably rely on the allegedly false location information they had been given by Hewey.

Storey argues that the third-party complaint references communications that he asserts occurred after the principal/agent relationship between Storey and Hewey had ended, but this argument fails because the third-party complaint alleges that false information was provided prior to Scott and Falby's purchase of the property, when Hewey was acting as Storey's agent. Third-Party Complaint ¶¶ 7-14.

Fraud

Count Six of the Scott-Falby third-party complaint alleges that the allegedly false information provided by Hewey as Storey's agent constituted fraud.

To assert a cognizable claim of fraud against Storey, Scott and Falby must allege that (1) Storey, through his agent, made a false representation; (2) of a material fact; (3) with knowledge of its falsity or in reckless disregard of whether it was true or false; (4) for the

---

[2] "Under Maine law a principal is liable for the fraudulent misrepresentations made by his agent within the scope of the agent's authority, whether or not the principal knows of the agent's misconduct." *Arbour v. Hazelton*, 534 A.2d 1303, 1306 (Me. 1987).

3

purpose of inducing Scott and Falby to act in reliance upon it; and (5) that Scott and Falby justifiably relied upon the representation to their detriment. *Barr v. Dyke*, 2012 ME 108 ¶ 16, 49 A.3d 1280 (citing *Flaherty v. Muther*, 2011 ME 32 ¶ 45, 17 A.3d 640).

The additional requirement in M.R.Civ.P. 9(b) that the circumstances allegedly constituting fraud must be stated with particularity requires, at a minimum, that the specifics of the alleged misrepresentation be set forth so that the party against whom the claim is made is "fairly apprised of the elements of the claim." 2 C. Harvey, Maine Civil Practice § 9:2 at 384 (3d ed. 2011).

In this case Scott and Falby have set forth the necessary elements of a fraud claim, but the specifics of the alleged misrepresentation made by Hewey as Storey's agent have not been set forth with sufficient particularity. A general allegation that false information was provided as to the location of the property is insufficient. The third-party complaint does not specify what specific information was false or allege what specific representations were made as to the boundaries of the purchased property and how those representations differ from the actual boundaries.

There are cases suggesting that the time, place, and content of a fraudulent misrepresentation must be stated with particularity. In this case the third-party complaint adequately apprises Storey that the allegedly fraudulent misrepresentation occurred at the place and time that Hewey gave Scott and Falby directions to the property and information about its location prior to their purchase. It is the specific content of the allegedly fraudulent misrepresentation that is absent.[3]

Count Six of Scott and Falby's third party complaint is dismissed with leave to replead. Any motion for leave to file an amended fraud claim against Storey must be filed on or before December 3, 2021.

---

[3] The third-party complaint sets forth with adequate particularity the materiality of the alleged misrepresentation, the reliance of Scott and Falby, and their damages. In addition, Rule 9(b) states that where fraud is alleged, the elements of malice, intent, knowledge and other condition of mind may be averred generally.

4

The entry shall be:

The motion by third-party defendant Donn Storey to dismiss Count Four (negligent misrepresentation) of the third-party complaint filed by Zoe Scott and Michael Falby is denied. Storey's motion to dismiss Count Six (fraud) of Scott and Falby's third-party complaint is granted with leave to replead. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: November 4, 2021

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 11/09/21

Plaintiffs–Aaron Baltes, Esq.
Defs Scott and Falby–Kelly McDonald, Esq.
Def Colby–Elizabeth Hurley, Esq.
PII Storey–Adam Taylor, Esq.
PII Hewey–Sigmund Schutz, Esq.

5