STATE OF MAINE
CUMBERLAND, ss

SHARON ANDERSEN,

          Plaintiff

v.

MAINE DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

          Defendant

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-21-319

ORDER

Before the court is a motion by defendant Maine Department of Health and Human Services (DHHS) to dismiss plaintiff Sharon Andersen's amended complaint.

Andersen's amended complaint alleges that she was subjected to discrimination based on disability, that DHHS failed to provide her with a reasonable accommodation, and that it retaliated against her after she had engaged in protected activity by requesting a reasonable accommodation. In response to the motion to dismiss filed by DHHS, Andersen does not object to the dismissal of her claim that DHHS failed to offer a reasonable accommodation. Plaintiff's Opposition to Motion to Dismiss at 5 n.1. She opposes dismissal of her disability discrimination and retaliation claims.

Legal Standard

For purposes of a motion to dismiss, the material allegations of the complaint must be taken as admitted. *Ramsey v. Baxter Title Co.*, 2012 ME 113 ¶ 2, 54 A.3d 710. The complaint must be read in the light most favorable to the plaintiff to determine if it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief pursuant to some legal theory. *Bisson v. Hannaford Bros. Co., Inc.*, 2006 ME 131 ¶ 2, 909 A.2d 1010. Dismissal is appropriate only when

REC'D CUMB CLERKS OF(
AUG 25 '22 AM8:14

it appears beyond doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim. *Moody v. State Liquor & Lottery Commission,* 2004 ME 20 ¶ 7, 843 A.2d 43. However, a plaintiff may not proceed if the complaint fails to allege essential elements of the cause of action. *See Potter, Prescott, Jamieson & Nelson P.A. v. Campbell,* 1998 ME 70 ¶¶ 6-7, 708 A.2d 283.

Discrimination Based on Disability

DHHS argues that Andersen's complaint is premised on the claim that she was entitled to be reassigned to a different supervisor as a reasonable accommodation and that this fails to state a claim under the Maine Human Right Act. DHHS also argues that Andersen's action is time-barred because the only actionable adverse actions taken by DHHS all occurred more than two years before she filed her initial complaint.[1]

The DHHS argument that Andersen's complaint fails to state a claim is based on federal cases holding that an employee's request to change supervisors or to be reassigned to another department is not a reasonable accommodation that an employer must provide. DHHS argues that the Law Court has held that it is appropriate to look to federal precedent in interpreting Maine anti-discrimination statutes. *Doyle v. DHHS,* 2003 ME 61 ¶ 14 n.7, 824 A.2d 48. Accordingly, DHHS argues, the court should follow the federal precedent and find that Andersen has failed to state a cognizable claim.

---

[1] Under 5 M.R.S. § 4613(2)(C) a complaint under the MHRA must be filed within 2 years of the act of discrimination complained of or within 90 days of the issuance of a right to sue letter by the MHRC, whichever is later. The issuance of a right to sue letter is alleged in ¶ 50 the amended complaint, and the court can consider that letter pursuant to *Moody v. State Liquor & Lottery Commission,* 2004 ME 20 ¶ 11. It is undisputed that the right to sue letter was issued more than 90 days before suit was filed, and therefore the two-year statute applies.

DHHS is correct that one of the lynchpins of Andersen's claims appears to be the failure by DHHS to offer her a reasonable accommodation in the form of a transfer to a different department. *See* Amended Complaint ¶¶ 40-41, 43, 45-47, 49. Moreover, the only DHHS action complained of by Andersen that falls within the two-year statute of limitations is the alleged denial of Andersen's request for a reasonable accommodation. Amended Complaint ¶ 49. In addition, as noted above, Andersen is no longer pursuing a claim that DHHS failed to provide her with a reasonable accommodation.

However, Andersen argues that what she is claiming is simply that DHHS discriminated against her because of her disability – a diagnosis of depression and PTSD – and that DHHS's actions, culminating in the denial of her request for an accommodation, created a hostile environment that gave her no choice but to quit. Accordingly, she alleges, she is pursuing a constructive discharge claim rather than a failure to accommodate claim, as evidenced by her agreement to the dismissal of Count II of the amended complaint.

Andersen specifically alleges that the hostile environment consisted, among other things, of many instances of unjust criticism and verbal abuse by her supervisor, of various actions by DHHS management that caused her to experience extreme stress, of an investigation launched against her, of one action by management that violated the collective bargaining contract, and of subjecting her to disciplinary action. She also alleges that one of her supervisors admitted that one disciplinary action was taken against Andersen because the supervisor had been "told to squeeze" Andersen. Amended Complaint ¶ 34.

With one exception, the amended complaint does not allege that the actions allegedly constituting the hostile environment occurred at a time when officials at DHHS were aware of

3

Andersen's disability.[2] A claim of discrimination based on disability requires proof that the employer knew or had constructive knowledge of the employee's disability. *E.g., Hedberg v. Indiana Bell Telephone Co.,* 47 F.3d 928, 932 (7ᵗʰ Cir. 1995); *Clapp v. Northern Cumberland Memorial Hospital,* 964 F. Supp. 503, 505 (D. Me.1997). Reading the complaint in the light most favorable to Andersen, however, Andersen may be able to prove that DHHS had actual or constructive knowledge of her disability at the time of the other actions that are the subject of her complaint, and her disability discrimination claim is not subject to dismissal for failure to state a claim.

Because Andersen is alleging that DHHS created a hostile environment that left her with no choice except to quit and because she alleges that DHHS's late August 2019 denial of her request for reassignment constituted the last in the series of actions evidencing the hostile environment, the court also cannot find, on the face if the complaint, that her action is time-barred. On hostile environment claims, the U.S. Supreme Court has stated, "Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for purposes of determining liability." *National RR Passenger Corp. (Amtrak) v. Morgan,* 536 U.S. 101, 117 (2002). In this case the alleged denial of her request for a reassignment contributed to – and was the alleged capstone of – her hostile environment claims and occurred within the statute of limitations period.

DHHS argues that Andersen's complaint demonstrates that she had been informed, prior to late August, that her request for an accommodation in the form of a reassignment had been

---

[2] She alleges she was put out on medical leave on January 19, 2019 with a diagnosis of depression and PTSD. Amended Complaint ¶ 36. That would have put DHHS on notice of her disability. The only allegation of action by DHHS that Andersen alleges contributed to a hostile environment that occurred after her medical leave is the denial of her request for an accommodation in the form of a reassignment.

4

denied. *See* Amended Complaint ¶¶ 45-46, citing an email from DHHS EEO Coordinator Kate Wentworth on July 24, 2019. If this had been a final decision by DHHS, Andersen waited more than two years later before filing suit. However, Wentworth's email does not appear to be a final decision, stating only, "<u>At first glance</u>, I am not seeing where you qualify for reassignment . . ." (emphasis added). Amended Complaint ¶ 45.

It may be anomalous that, if Andersen is not pursuing a reasonable accommodation claim and if employers are not required to offer reassignments as a reasonable accommodation, Andersen can nevertheless rely on the denial of her request for accommodation to avoid the statute of limitations. This is an issue that may need to be further considered at a later stage in the case but does not require dismissal at the pleading stage.

DHHS argues that, even accepting the alleged actions of which Andersen complains as true for purposes of the motion to dismiss, they did not rise to a level sufficient to constitute a constructive discharge claim. *See Sullivan v. St. Joseph's Rehabilitation and Residence,* 2016 ME 107 ¶ 22, 143 A.3d 1283.[3] While Andersen's claims are not dissimilar to claims that the Law Court in *Sullivan* found were insufficient to have compelled a reasonable person to quit, *Sullivan* was decided on a summary judgment motion, not on a motion to dismiss. On the face of the complaint, the court cannot conclude that Andersen will not be able to prevail on any facts that she may prove in support of her hostile environment claim. *See Moody v. State Liquor & Lottery Commission,*

---

[3] An individual claiming employment discrimination can be found to have been subjected to adverse employment action if she can show that she was constructively discharged – that she had no alternative except to resign. *Sullivan v. St. Joseph's Rehabilitation and Residence,* 2016 ME 107 ¶ 15. To prevail on such a claim the employee must demonstrate that her "working conditions were so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Id.,* 2016 ME 107 ¶ 15, quoting *Lee-Crespo v. Schering-Plough Del Caribe, Inc.,* 354 F.3d 34, 45 (1st Cir. 2003). This is an objective standard, and "an employee's subjective perceptions do not govern." 2016 ME 107 ¶ 21, quoting *Lee-Crespo,* 354 F.3d at 45. For a resignation to constitute a constructive discharge, it must be "void of choice or free will – the only option was to quit." *Id.,* quoting *EEOC v. Kohl's Department Stores, Inc.,* 774 F.3d 127, 134 (1st Cir. 2014).

2004 ME 20 ¶ 7. The point at which this issue can be resolved is when there is a full factual record – at summary judgment or at trial.

DHHS also argues that the court should consider an August 30, 2019 email by Andersen in which Andersen states that, although she had been told her request for an accommodation to be relocated had been denied, she had been offered a position with another supervisor. First, it is doubtful that this email can be considered under *Moody*, 2004 ME 20 ¶ 11. It is not a public document, not a document central to Andersen's claim, and not a document mentioned in her complaint. Even if the court could consider it, however, the question of what Andersen had in fact been offered and how that affects her hostile environment claim cannot be decided on the face of the complaint.

Retaliation Claim

Count III of Andersen's complaint asserts a retaliation claim under 5 M.R.S. §§ 4572(1)(E) and 4633. She alleges that Andersen engaged in protected activity under the Maine Human Rights Act "by requesting a medical accommodation," that she had explained that her request was based on a hostile environment, and that DHHS retaliated against her by taking adverse actions against her, including but not limited to "refusing to act on the request for accommodations and constructively discharging Plaintiff." Amended Complaint ¶¶ 40, 65-66.[4]

---

[4] At an earlier point in the amended complaint, Andersen alleges that DHHS retaliated against her for reporting a violation of the collective bargaining contract. Amended Complaint ¶ 22. Although the same paragraph of her complaint refers to the Maine Whistleblowers Protection Act, Andersen does not allege a Whistleblowers violation in Count III of the Amended Complaint. Moreover, although employees may have remedies under their collective bargaining contracts, a violation of a collective bargaining act provision is not a violation of law, a practice that endangers health or safety, or a deviation from the applicable standard of care by a caregiver, and therefore does not fall within the Whistleblower statute. *See* 26 M.R.S. § 833(1).

The problem with this claim is that the only alleged actions that occurred after Andersen's request for an accommodation are (1) an inquiry by DHHS to obtain further information about her request, (2) a tentatively negative email response to her request in July 2019, and (3) a final denial of her request in late August 2019. All of the other alleged adverse actions by DHHS, including all of the specifically enumerated conduct alleged to have created a hostile environment and the statement from her supervisor that she had been told the "squeeze" Andersen, are alleged to have occurred prior to Andersen's request for an accommodation based on an allegedly hostile environment.[5]

DHHS cannot have retaliated for Andersen's request for an accommodation based on a hostile environment before that request was made. It might theoretically be possible to contend that an unjustified denial by DHHS of a request for accommodation was in retaliation for her report of the allegedly hostile environment. However, where Andersen has expressly abandoned her claim that DHHS failed to offer a reasonable accommodation for her disability, she cannot logically argue that a DHHS denial that she is no longer challenging was retaliatory.

Accordingly, the motion by DHHS to dismiss Andersen's retaliation claim is granted.

The entry shall be:

The motion to dismiss by defendant Maine Department of Health and Human Services is granted without objection as to count II of plaintiff Sharon Andersen's Amended Complaint (Failure to Accommodate) and is also granted as to Count III of the Amended Complaint (Retaliation). The motion to dismiss is denied as to Counts I of the Amended Complaint (Disability Discrimination). The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

---

[5] If Andersen's reference to actions including "but not limited to" the alleged rejection of her request for an accommodation is designed to encompass other unspecified instances of retaliation that allegedly occurred after she requested an accommodation based on a hostile environment, she may file a further motion to amend specifying the other instances of alleged retaliation that occurred after her request for an accommodation was made.

7

Dated: August 24, 2022

Thomas D. Warren
Active Retired Justice, Superior Court

Entered on the Docket: 08/25/22

Plaintiff-Guy Loranger, Esq.
Defendant-Kelly Morrell, AAG

8