1998 ME 70

**POTTER, PRESCOTT, JAMIESON & NELSON, P.A.**

v.

**John S. CAMPBELL et al.**

Supreme Judicial Court of Maine.

Argued Sept. 4, 1997.

Decided April 3, 1998.

Thomas S. Coward, (Orally), Potter, Prescott, Jamieson & Nelson, P.A., Saco, for plaintiff.

John S. Campbell, (Orally), Poulos & Campbell, P.A., Portland, for defendants.

Ricky L. Brunette, (Orally), Portland, (for R. Adam).

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

[¶ 1] The law firm of Potter, Prescott, Jamieson & Nelson, P.A., appeals from the judgment entered in the Superior Court (Cumberland County, *Bradford, J.*) dismissing pursuant to M.R. Civ. P. 12(b)(6) the firm's complaint against the defendants, John Campbell, James Hartnett, and Robert Adam. The firm also challenges the court's (*Calkins, J.*) denial of its motion to amend

the judgment or, alternatively, to grant the firm leave to amend its complaint. We affirm the judgment.

[¶ 2] In March 1993 the firm began representing defendant Hartnett in a then-pending divorce action. On March 21, 1994, the same day as the divorce settlement hearing, the firm filed a complaint (collection action) against Hartnett for payment in the amount of $18,802.98 according to a fee agreement. The firm requested and received an *ex parte* trustee process in the District Court (Biddeford, *Levy, J.*) for that amount, which was later increased to $30,000. Pursuant to M. Bar R. 9(e), Hartnett sought fee arbitration from the Board of Overseers of the Bar and retained defendant attorney John Campbell to represent him in that proceeding. Pursuant to the rule[1] and a motion by Hartnett, the collection action was stayed pending the outcome of the arbitration proceeding.

[¶ 3] In September 1995 Hartnett filed in the District Court a motion to amend his answer to include a counterclaim.[2] The court refused to entertain the motion because the fee arbitration proceeding was pending. Hartnett then brought a separate action in the Superior Court (malpractice action) in December 1995 by a complaint containing the same allegations as the counterclaim that he had attempted to add to his answer in the collection action. In the meantime, the fee arbitration commission determined that Hartnett owed the firm $19,887 in fees and interest, but was not liable to the firm for collection costs. In March 1996 the District Court in the collection action denied Hartnett's motion to amend his answer and held that the fee arbitration decision barred any subsequent action in the District Court.

[¶ 4] In January 1996 prior to the District Court's decision, the firm filed its own complaint against the defendants[3] in the Superior Court, alleging malicious prosecution, abuse of process, civil conspiracy, malicious defense, fraud, and civil liability for violation of M.R. Civ. P. 11. In response, the defendants filed a motion to dismiss for failure to state a claim on which relief may be granted. The Superior Court granted the defendants' motion, deciding that the firm had failed to state sufficiently a claim for malicious prosecution, malicious defense, abuse of process, and civil conspiracy.[4] The firm filed a motion either to alter the judgment to state that the dismissal was without prejudice or for leave to amend its complaint. The Superior Court denied the motion. This appeal followed.

[¶ 5] A motion to dismiss tests the legal sufficiency of the complaint. *Richards v. Soucy,* 610 A.2d 268, 270 (Me.1992). For purposes of a Rule 12(b)(6) motion, the material allegations of the complaint must be taken as admitted. *Larrabee v. Penobscot Frozen Foods, Inc.,* 486 A.2d 97, 98 (Me.1984). In reviewing a dismissal, we examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory. *Id.* at 99. "A dismissal should only occur when it appears 'beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim.'" *McAfee v. Cole,* 637 A.2d 463, 465 (Me.1994) (quoting

1. M. Bar R. 9(e)(5)(D) provides in pertinent part: "If there is then pending before a court or agency of this State an action instituted by either petitioner or respondent involving the disputed fees, then such action shall, upon motion of the petitioner, be stayed until such dispute is resolved pursuant to this rule."

2. The counterclaim charged the firm with negligence, breach of fiduciary duties, negligent misrepresentation, breach of contract and the implied covenant of good faith and fair dealings, negligent and intentional infliction of emotional distress, taking without due process, violation of Maine's Improvident Transfer Statute, and violation of the Federal Debt Collection Practice Act.

3. The complaint alleged that all three of the defendants were liable for these claims. According to the firm, the liability of defendant Robert Adam, Hartnett's accountant, was based on a civil conspiracy theory stemming from his testimony at the fee arbitration proceeding. The firm alleges that Adam conspired with the other defendants to submit false and malicious testimony at the proceeding.

4. The trial court also dismissed, on the same ground, any claims for fraud or civil liability for violation of M.R. Civ. P. 11. The firm does not challenge the dismissal of those claims.

*Hall v. Board of Envtl. Protection,* 498 A.2d 260, 266 (Me.1985)).

[¶ 6] In order to state successfully a claim for malicious prosecution (or wrongful use of civil proceedings), a plaintiff must allege that an action was instituted against him without probable cause and with a primary purpose other than that of securing the proper adjudication of the claim upon which the proceedings were based and that he received a favorable termination of the proceedings. *Pepperell Trust Co. v. Mountain Heir Fin. Corp.,* 1998 ME 46, ¶¶ 14–16, —— A.2d ——, ——. The trial court concluded that the firm had failed to state a claim for wrongful use of a civil proceeding because neither the malpractice action nor the collection action had terminated at the time the firm filed its complaint. Although the fee arbitration proceeding had ended at the time the firm brought suit, the trial court correctly noted that in its complaint the firm did not allege that the defendants initiated that action maliciously. We therefore affirm the dismissal of the claim for wrongful use of a civil proceeding.[5]

[¶ 7] The firm next contends that its complaint sufficiently states a claim for abuse of process. The elements necessary to sustain that claim are the use of process in a manner improper in the regular conduct of the proceeding and the existence of an ulterior motive. *Nadeau v. State,* 395 A.2d 107, 117 (Me.1978). The firm bases its allegations on the defendants' initiation of the malpractice action in the Superior Court. In *Simon v. Navon,* 71 F.3d 9 (1st Cir.1995), the court held that under Maine law the filing of a complaint alone cannot be the basis for an abuse of process claim and explained that the "[f]iling of a lawsuit is a 'regular' use of process, and therefore may not on its own fulfill the requirement of an abusive act, even if the decision to sue was influenced by a wrongful motive, purpose or intent." *Id.* at 16. The court noted that typical abuse of process cases involve the misuse of such procedures as discovery, subpoenas, and attach-

ment. *Id.* at 15. The decision of the court in *Navon* is consistent with our decisions involving abuse of process claims. *See Saliem v. Glovsky,* 132 Me. 402, 406, 172 A. 4, 6 (1934) ("Regular use of process can not constitute abuse, even though the user was actuated by a wrongful motive, purpose or intent."). We agree with the trial court that an action for abuse of process cannot be based solely on the filing of a complaint.

[¶ 8] The firm also contends that its complaint sufficiently states a claim for civil conspiracy. We disagree. In *Cohen v. Bowdoin,* 288 A.2d 106 (Me.1972), we explained that absent the actual commission of some independently recognized tort, a claim for civil liability for conspiracy fails. *Id.* at 110. Because the firm fails to state sufficiently a claim for either malicious prosecution or abuse of process, its claim for civil conspiracy also fails.

[¶ 9] The firm further contends that the dismissal was without prejudice and that the trial court erred in denying its motion to amend the judgment to reflect that it was without prejudice. We disagree. A Rule 12(b)(6) dismissal is technically an adjudication on the merits and is with prejudice. 1 FIELD, McKUSICK & WROTH, MAINE CIVIL PRACTICE § 12.11, at 119 (2d ed. Supp.1981); *see also Dutil v. Burns,* 1997 ME 1, ¶ 5, 687 A.2d 639, 641 ("An order of dismissal for failure to state a claim is technically an adjudication on the merits unless, as is usually the case, leave is granted to amend the complaint.").

[¶ 10] Finally, the firm asserts that the Superior Court erred by refusing to grant it leave to amend its complaint. To support this contention, the firm cites *Barkley v. Good Will Home Ass'n,* 495 A.2d 1238 (Me.1985). In that case we held that a trial court's refusal to allow the plaintiffs to amend their complaint, even though they had already been given the opportunity to do so, was an abuse of discretion. *Id.* at 1239–40.

---

**5.** If we were to recognize a tort of malicious defense, *see Aranson v. Schroeder,* 140 N.H. 359,

671 A.2d 1023 (1995), the claim would fail for the same reason. *Id.* 671 A.2d at 1028–29.

In *Barkley,* however, the plaintiffs were able to show how they could cure their complaint. In this case, the firm has failed to do that. The trial court's refusal to grant the firm leave to amend its complaint was therefore within the bounds of its discretion.

The entry is:

Judgment affirmed.