STATE OF MAINE                                    SUPERIOR COURT
YORK, ss.                                         CIVIL ACTION
                                                  DOCKET NO. CV-99-094



                                                  TDW·YOR - 1/3/2000

WILLIAM H. HOWISON, Trustee of
Bankruptcy Estate of Scott Mitchell,
                                DONALD L. GARBRECHT
            Plaintiff             LAW LIBRARY

    v.                          JAN 6 2000    ORDER ON MOTION FOR
                                              SUMMARY JUDGMENT
H. VAUGHAN MORGAN III, et al.,

            Defendants

Before the court are a motion by defendants H. Vaughan Morgan III and

Marguerite Morgan for summary judgment and a motion by the Morgans to

disqualify plaintiff's counsel on the ground that, if their summary judgment

motion is not granted, he will be an essential witness at trial.

1.    Wrongful Use of Civil Proceedings

The complaint against the Morgans and against a third defendant, William

Richmond, alleges that all three defendants should be held liable for malicious

prosecution (termed "wrongful use of civil proceedings" in the complaint) and for

abuse of process.  At this time, only the Morgans have moved for summary

judgment.[1]

With respect to the Morgans' motion for summary judgment on plaintiff's

claim of malicious prosecution, the Morgans' argument is two-fold.  First, they

argue that they withdrew the original lawsuit against Scott Mitchell without

---

[1]    Defendant Richmond previously filed a motion to dismiss and an amended motion to
       dismiss and those motions were denied.

5

prejudice, so that he did not obtain a favorable termination of the action. See Potter, Prescott Jamieson & Nelson P.A. v. Campbell, 1998 ME 70, ¶6, 708 A.2d 283, 286. The problem with this argument is that a plaintiff's withdrawal of an action can constitute a sufficiently favorable termination of an action to support a claim for malicious prosecution. E.g., Pepperell Trust Co. v. Mountain Heir Financial Corp., 1998 ME 46, ¶16, 708 A.2d 651, 656.

Second, the Morgans claim that it is undisputed that they had probable cause to institute the suit that they filed against Scott Mitchell in November 1996. Morgan v. Mitchell, Docket No. CV-96-564 (Superior Court, York County).[2] That suit alleged that Mr. Mitchell had fraudulently caused the Morgans to offer him a stock interest and a position as vice president in a company that the Morgans were organizing, based on false representations that Mitchell's participation in the company was necessary to secure bank financing.[3]

In support of the motion for summary judgment defendant H. Vaughan Morgan has filed an affidavit stating that Mitchell had represented that he was able to obtain bank financing and that the Morgans had found out later from a bank officer that Mr. Mitchell was not necessary to such financing. However, the primary

---

[2] All parties appear to agree that the court can take judicial notice of the court file in Morgan v. Mitchell. The Morgans acknowledge that there may be disputed issues of fact as to whether they acted with a purpose other than that of securing a proper adjudication when they sued Mitchell, but they correctly point out that their purpose does not matter if they had probable cause to institute suit.

[3] The Morgans' complaint in CV-96-564 also alleged that Mitchell had interfered with existing business relationships of the Morgans' company and that Mitchell had violated a fiduciary duty to the company.

2

6

basis of the Morgans' claim that they had probable cause to initiate their suit against Mitchell is an October 25, 1996 affidavit filed in CV-96-564 and signed by Jerry Bazata, an officer at Peoples Heritage Bank in York, Maine. Bazata's affidavit states that a loan to the Morgans had been approved prior to any offer by Mitchell to participate. Bazata's affidavit further states that after he was told that Mitchell would be a shareholder in the company, he told the Morgans that Mitchell's participation was not required for a loan and that any statement that the Bank required Mitchell to be on the loan was false.

In opposing summary judgment, Mitchell's bankruptcy trustee makes three arguments. He first objects that Morgan's affidavit does not state that it is on personal knowledge. Second, he argues that Morgan's affidavit and the accompanying copy of the Bazata affidavit constitute hearsay. Third, he offers Mitchell's affidavit denying that he (Mitchell) ever represented that his financial backing was necessary to obtain financing. The Trustee also notes that in submissions in the prior action the Morgans had contended that it was not MItchell but another participant, Steven Brochu, who had made the representations that Mitchell's participation in the company was necessary. The Trustee does not factually contest that Bazata did inform the Morgans that Mitchell's participation was unnecessary and that any statement that the Bank required Mitchell to be on the loan was false.

Inadequacies in the form of a supporting affidavit do not preclude summary judgment if the affidavit in fact demonstrates that the person signing it has personal

3

7

knowledge of the matters therein. See, e.g., Casco Northern Bank v. Estate of Grosse, 657 A.2d 778, 781 (Me. 1995). Moreover, the Trustee's hearsay objection is also not dispositive because the Morgans could have had probable cause to file a complaint based on hearsay.

It appears to the court that the Morgans may be entitled to summary judgment based on the information they received from Bazata. The current record is not sufficiently developed, however, on several issues . Among these are what led the Morgans to sue Mitchell if the only representations were made by Brochu (a point which, on this record, must be assumed to be true for purposes of summary judgment). To be sure, Mitchell may have been the alleged beneficiary of Brochu's alleged representations and the Morgans may have had probable cause to believe that Mitchell was a party to those representations. However, the basis for that belief is not set forth on this record.

Accordingly, summary judgment will be denied on Count 1 without prejudice to the filing of a renewed motion for summary judgment based on affidavits, interrogatory answers, or deposition testimony setting forth the basis of the Morgans' probable cause for suing Mitchell and the specific reasons why the Morgans concluded that Mitchell should be named as the defendant in CV-96-564. That submission should also clarify what information was based on the personal knowledge of Vaughan Morgan and Marguerite Morgan and what information they learned from other sources.

## 2.   Abuse of Process

The Trustee's claims of abuse of process all relate to alleged actions by defendants while Docket No. CV-96-564 was pending. He alleges that defendants sought an ex parte attachment without having an adequate basis for same. The docket sheet shows that the ex parte motion for attachment was denied. The trustee alleges that defendants then filed a motion for an attachment without serving Mitchell and without submitting adequate affidavits. The docket sheet shows that the court noted these deficiencies when it denied the motion. The trustee further alleges that defendants thereafter wrongfully refiled their motion for attachment. The docket sheet does not reflect that a second motion was in fact filed but even if it had been, the court's denial of the first motion was without prejudice.

Finally, the Trustee complains that defendants failed to attend depositions, failed to seek protective orders before failing to attend deposition, and repeatedly but unsuccessfully sought to have defendant Richmond admitted pro hac vice to represent them.

In no case does the Trustee contend that the defendants successfully obtained any court process and then subsequently misused that process. Unsuccessful attempts to obtain writs of attachment, wrongful failures to comply with discovery, and unsuccessful (even if repeated) filing of motions -- even spurious motions -- do not constitute a legal basis for the tort of abuse of process. Mr. Mitchell's remedy for

5

9

any improper or spurious actions by defendants or their counsel in CV-96-564 was to seek sanctions from the court in that case.[4] Accordingly, the Morgans' motion for summary judgment will be granted as to the abuse of process claim.

3.     Motion to Disqualify

It is the court's understanding that both parties have agreed that the Trustee's attorney, Robert Mongue, Esq., is only a potential witness on the abuse of process claim and have also agreed that if that claim were dismissed, the motion to disqualify would be moot. Accordingly, the court denies the motion to disqualify as moot, without prejudice to renewal if further developments in the case suggest that Mr. Mongue is or should be a witness with respect to the malicious prosecution claim. ⸱

The entry shall be:

> Summary judgment for defendants Vaughan and
> Marguerite Morgan denied without prejudice to renewal
> on Count I.   Summary judgment for defendants Vaughan
> and Marguerite Morgan granted as to Count II.  Motion to
> disqualify denied as moot.

Dated:  December 30, 1999

_Thomas D. W._

Thomas D. Warren
Justice, Superior Court

A TRUE COPY ATTEST

_Dianne Hill_

CLERK

---

[4]     In at least one instance, the docket sheet reflects that sanctions were in fact sought and were denied.

ROBERT E MONGUE ESQ
'O BOX 916
KENNEBUNK ME   04043
for: Plaintiff

MICHAEL ALFANO, ESQ.
PO BOX 4031
PORTSMOUTH NH 03802-1155
for: Morgans'

William NcNeir Richmond
PO BOX 1155
PORTSMOUTH NH   03802-1155
Pro Se

10