Mcv

STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                    CIVIL ACTION
                                                   DOCKET NO. CV-18-436


GRACE WRIGHT, et al.,

                Plaintiffs
        v.                                         ORDER

ADEPT BUILDING CONSTRUCTION LLC,
et al.,

                Defendants


Before the court is defendants' motion (1) to dismiss the complaint in its entirety as against defendants Jim Richards and Brandon Matthews, (2) to dismiss counts IV and IX of the complaint under the economic loss doctrine, and (3) to dismiss count IV of the complaint based on the additional contention that plaintiffs' have not stated actionable claims of misrepresentation.

Although not a model of pleading, plaintiffs' complaint in essence asserts a number of claims based on defendants' alleged failure to adequately perform a contract for renovation work on a residence in Cumberland.


Legal Standard

For purposes of a motion to dismiss, the material allegations of the complaint must be taken as admitted. *Ramsey v. Baxter Title Co.*, 2012 ME 113 ¶ 2, 54 A.3d 710. The complaint must be read in the light most favorable to the plaintiff to determine if it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief

**Plaintiffs–Adam Lee, Esq.**
**Defendants Marie Mueller, Esq.**

REC'D CUMB CLERKS OFC
JAN 29 '19 PM2:27

pursuant to some legal theory. *Bisson v. Hannaford Bros. Co., Inc.*, 2006 ME 131 ¶ 2, 909 A.2d 1010. Dismissal is appropriate only when it appears beyond doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim. *Moody v. State Liquor & Lottery Commission*, 2004 ME 20 ¶ 7, 843 A.2d 43. However, a plaintiff may not proceed if the complaint fails to allege essential elements of the cause of action. *See Potter, Prescott, Jamieson & Nelson P.A. v. Campbell*, 1998 ME 70 ¶¶ 6-7, 708 A.2d 283.

## Claims Against Defendants Richards and Matthews

The complaint is unclear as to the exact contractual arrangements that were reached between the parties. In fact, the complaint never unambiguously alleges the parties entered into a contract. However, both plaintiffs' and defendants' arguments appear to proceed from the premise that a renovation contract was entered into and that the contract in question was at least nominally between plaintiffs and defendant Adept Building Construction LLC (Adept).[1]

The claims against Richards and Matthews individually are based on two allegations – (1) an allegation that defendants abused the privilege of a separate corporate identity and that an unjust or inequitable result would occur if the court were the recognize the separate corporate existence of Adept Building Construction LLC and (2) a separate allegation that Richards and Matthews participated in wrongful acts and should be held

---

[1] If plaintiffs are not contending that they entered into a contract with Adept, they should amend their complaint to specify the actual contractual relationship that they are alleging.

liable for those acts regardless of whether liability is also sought against Adept. Complaint ¶¶ 29-30.

Although the complaint is devoid of any specific allegations as to how the privilege of separate corporate identity was abused, plaintiffs assert that they are prepared to prove, inter alia, that Adept did not exist as an LLC at the time the contract was entered into.

Although the allegations in the complaint are sparse to say the least, the court concludes that defendants are on notice that plaintiffs are seeking to pierce the corporate veil. Whether the corporate form should be disregarded involves questions of fact and cannot be decided as a matter of law. *See Blue Star Corp. v. CKF Properties, LLC*, 2009 ME 101 ¶ 43, 980 A.2d 1270; *Johnson v. Exclusive Properties Unlimited*, 1998 ME 244 ¶ 7, 720 A.2d 568.

To properly state a claim for relief, a plaintiff need only plead a "short and plain statement of the claim showing that the pleader is entitled to relief," which must "provide the defendant with fair notice of the claim against him." M.R. Civ. P. 8(a); *Smith v. Hawthorne*, 2002 ME 149 ¶ 11, 804 A.2d 1133 (internal quotation omitted). The notice-giving function may be sufficiently performed by "a rather generalized statement." *Richards v. Soucy*, 610 A.2d 268, 270 (Me. 1992).

Accordingly, while this issue may be revisited on summary judgment, the court cannot conclude at this stage that plaintiffs are not entitled to relief under any set of facts that they might prove to support the piercing of the corporate veil.

To the extent that plaintiffs are also arguing that Richards and Matthews should be held liable for any wrongful acts in which they participated, this would only be true to the extent that plaintiffs have viable tort claims against Richards and Matthews, as discussed

3

below. If only plaintiffs' contract claims survive, Richards and Matthews cannot be found liable unless they personally were contracting parties or unless plaintiffs are able to pierce the corporate veil.

Plaintiffs' Negligence Claims – Economic Loss Doctrine

Defendants argue that plaintiffs' claims for fraudulent and negligent misrepresentation in count IV and negligence in count IX must be dismissed under the economic loss doctrine.[2] The court will first address plaintiffs' negligence claims. Their misrepresentation claims will be addressed below.

The court agrees that to the extent that plaintiffs are seeking to hold defendants liable for breach of contract, breach of warranty, and poor workmanship, the economic loss doctrine limits plaintiffs to contractual damages.[3] *See Oceanside at Pine Point Condominium Owners Assn. v. Peachtree Doors,* 659 A.2d 267, 270-71 (Me. 1995).

The economic loss doctrine would not apply if plaintiffs were alleging that their residence had somehow been damaged by defendants above and beyond defendants' alleged breach of the renovation contract, defendants' alleged failure to perform the renovation work with the required standard of workmanship, and defendants' alleged failure to complete the work. However, the court can find no such allegations in the

---

[2] Plaintiffs' count for negligence is labeled Count IX, but the Complaint does not contain a Count VIII.

[3] While poor workmanship sounds in negligence, there is an implied warranty in every construction contract that the work will be performed in a reasonably skillful and workmanlike manner, *see, e.g., Gosselin v. Better Homes Inc.,* 256 A.2d 629, 639-40 (Me. 1969), and the Home Construction Contract statute also imputes a warranty of skillful performance. *See* 10 M.R.S § 1487(7).

4

complaint and therefore will grant defendants' motion to dismiss plaintiffs' negligence claim in count IX.

## Misrepresentation

Count IV of the complaint alleges claims of fraudulent and negligent misrepresentation. The economic loss doctrine has been found applicable to claims for negligent misrepresentation. *See Oceanside at Pine Point,* 659 A.2d at 269-71. This is certainly true unless plaintiffs' claims for breach of contract and breach of warranty would not provide an adequate remedy.

It is not entirely clear whether and to what extent the economic loss doctrine applies to claims of fraudulent misrepresentation. If plaintiffs' claims for breach of contract and breach of warranty provide an adequate remedy, it is difficult to see what purpose would be served by providing an additional remedy for fraudulent misrepresentation. On the other hand, if plaintiffs' contract and warranty claims failed to provide an adequate remedy, the court would not preclude the possibility that plaintiffs could proceed with a misrepresentation claim.

As defendants point out, however, many of the alleged statements by defendants that are referred to in the complaint do not qualify as the kind of statements of fact or opinion upon which plaintiffs could have justifiably relied. *See, e.g., Sanford v. National Assn. for the Self-Employed,* 640 F.Supp.2d 82, 89 (D. Me. 2009) (promotional statements by dealer not actionable).

In reviewing the complaint, the court can only find one possible misrepresentation that could potentially be actionable and that could form the basis for a claim for relief

5

separate from any relief available on plaintiffs' contract and warranty claims. That is the allegation that defendants represented that their business was duly insured. Complaint ¶ 12. If defendants' business is not insured, plaintiffs may find it difficult to collect on any judgment that they obtain. Accordingly, if a false representation as to insurance was made and was relied upon, plaintiffs may be entitled to proceed on either a fraudulent or a negligent misrepresentation theory.[4]

In their current complaint, however, plaintiffs have failed to state a cognizable claim of misrepresentation, particularly given the requirement in M.R.Civ.P. 9(b) that averments of fraud must be stated with particularity. Plaintiffs do not allege who made the representation as to insurance, nor do they allege that they relied on that representation. In fact, they do not even allege that the representation in question was false.

Since plaintiffs have requested leave to amend their complaint in the event the court grants the pending motion, they shall have 14 days from the date of this order to amend count IV of their complaint if they seek to cure the deficiencies outlined in this order.

The entry shall be:

1. Defendants' motion to dismiss the complaint as against defendants Jim Richards and Brandon Matthews is denied.

2. Defendants' motion to dismiss plaintiffs' negligence claims in count IX of the complaint is granted.

3. Defendants' motion to dismiss plaintiffs' misrepresentation claims in count IV is granted. However, plaintiffs are granted leave to amend count IV of the complaint within 14 days if they seek to cure the deficiencies outlined in this order.

---

[4] This is a claim that could potentially allow recovery against defendants Richards or Matthews if they made a false representation to this effect.

4. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: January 29, 2019

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 02/04/19

mc

7