STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  DOCKET NO
                                                     CV-20-250


LAW OFFICES OF SUMNER
LIPMAN, LLC,
           Plaintiff
v.                                                ORDER

MARY LINDA RAPELYE,
           Defendant
v.

SUMNER LIPMAN, ESQ., et al.,
           Third-Party Defendants


Before the court are three motions : (1) a motion by Sumner Lipman, Esq., Lipman &

Katz, P.A., and Law Offices of Sumner Lipman LLC to disqualify Attorney Jeffrey Bennett

from representing Mary Linda Rapelye , (2) a motion by third party defendant Trafton

Matzen Belleau & Frenette LLP to dismiss counts I and IV- VII of the third party complaint

as against Trafton Matzen., and (3) a motion by Rapelye to amend her third-part complaint

as against Trafton Matzen.

The court heard oral argument on March 15, 2021.[1]

At the outset, as the court suggested to counsel at the March 15 hearing, it appears

that Sumner Lipman, Esq., Lipman & Katz, P.A., and Trafton Matzen are more properly

considered as additional parties on Rapelye's counterclaim pursuant to M.R.Civ.P. 13(h)

than as third-party defendants. It is the court's understanding that at the hearing none of

the parties objected to reconfiguration of the status of those parties as additional

---

[1] Like many cases, this case has been delayed by the pandemic. Although the motion to disqualify
was fully briefed by October 21, 2020 and the motions relating to the claims against Trafton
Matzen were fully briefed by November 16, 2020, the court has had almost no time in the ensuing
period to devote to civil proceedings due to the pandemic and the need to focus on criminal cases.

REC'D CUMB CLERKS OFC
APR 22 '21 AM 11:03

counterclaim defendants. If that is incorrect or if counsel have had any second thoughts, they should notify the court.

In this order, the Law Offices of Sumner Lipman LLC, Sumner Lipman, Esq., and Lipman & Katz, P.A. will be referred to as the "Lipman parties."

Motion to Disqualify

At this time, the Lipman parties' motion to disqualify Attorney Bennett is denied without prejudice to renewal for the reasons set forth on the record at the March 15 hearing and in this order.

Under *Morin v. Maine Educational Association,* 2010 ME 36 ¶¶ 9-10, 993 A.2d 1097, a party moving to disqualify an opponent's attorney must show that there is or will be an affirmative violation of the ethics rules and that the violation will result in actual prejudice to the party seeking disqualification.[2] In this case an ethical violation will occur if Attorney Bennett represents Rapelye at a trial in which he is likely to be a necessary witness. M.R. Prof. Conduct 3.7.

There is an exception under Rule 3.7 if disqualification would work a substantial hardship on the client. Attorney Bennett argues that lawyers would be reluctant to replace him because of general unwillingness to pursue legal malpractice claims, perhaps especially against a lawyer of Lipman's prominence. However, the court is aware that there are lawyers who are willing to prosecute such claims.

In addition, although *Morin* requires a showing of actual prejudice, prejudice will exist in this case if Attorney Bennett is both an advocate and a witness at trial because of

---

[2] That showing is required because of the possibility that disqualification motions will be abused for tactical reasons. 2010 ME 36 ¶¶ 8-9.

2

the confusion that will exist between his dual roles as a witness testifying under oath from personal knowledge and an advocate characterizing the facts in the manner most helpful to his client. *See* Comments [1] and [2] to Rule 3.7.[3] In the court's view, therefore, the outcome of the motion to disqualify will depend on whether the Lipman parties are correct that Attorney Bennett will be a necessary witness.

Attorney Bennett states that he will not be called as a witness for Rapelye and that the fact that he was not representing Rapelye during the relevant time period is clearly established in an exchange of emails. The Lipman parties, however, state that they anticipate calling Attorney Bennett as a witness because they believe his testimony will support an argument that, after the Lipman parties informed Ms. Rapelye that they were going to seek to withdraw from representing her in a pending probate proceeding, she and Attorney Bennett had enough time to protect her interests.[4]

At this point the court cannot determine that Attorney Bennett is likely to be a necessary witness. However, there is certainly a possibility that on a more complete record he may be found to be a necessary witness.

Future discovery will presumably shed light on the extent to which the argument made by the Lipman parties is viable and whether Attorney Bennett is potentially a necessary witness. The court understands that this will also certainly involve a dispute as to whether Attorney Bennett's communications with Rapelye during the relevant time

---

[3] As Comment [3] to Rule 3.7 points out, the issue of prejudice may depend to some extent on whether a bench or jury trial is involved.

[4] Attorney Bennett points out that on January 6, 2020 he wrote an email stating that he was not yet in the case. He and his firm did appear in the probate proceeding for Rapelye at a later point. Exactly when he accepted the case and whether he did so in time to take action before the discovery deadline is unclear and may be disputed.

3

period are privileged – an issue on which the parties disagree and which it is premature for the court to consider at this point. Further information may also be available on such subjects as the date when Attorney Bennett accepted Rapelye's case, on what actions Rapelye took in response to the Lipman parties' motion to withdraw, and on whether, if testimony from Legal-Ease is needed, testimony from Attorney Glass instead of from Attorney Bennett would suffice.

Trafton Matzen's Motion to Dismiss

Trafton Matzen's motion to dismiss counts I and IV-VII of the claims against Trafton Matzen and Rapelye's motion to file a second amended complaint against Trafton Matzen will be considered together. Rapelye's motion to amend states that it was filed to cure potential deficiencies in counts I, IV, VI, and VII in her prior pleading, and Trafton Matzen argues that the deficiencies in those counts have not been cured.[5]

For purposes of a motion to dismiss, the material allegations of the complaint must be taken as admitted. *Ramsey v. Baxter Title Co.*, 2012 ME 113 ¶ 2, 54 A.3d 710. The complaint must be read in the light most favorable to the plaintiff to determine if it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief pursuant to some legal theory. *Bisson v. Hannaford Bros. Co., Inc.*, 2006 ME 131 ¶ 2, 909 A.2d 1010. Dismissal is appropriate only when it appears beyond doubt that the plaintiff is not entitled to relief under any set of facts that she might prove in support of her claim.

---

[5] In her proposed second amended third party complaint, Rapelye has withdrawn her defamation claim as against Trafton Matzen, and the defamation claim in Count V of the first amended third party complaint is therefore dismissed as against Trafton Matzen.

4

*Moody v. State Liquor & Lottery Commission,* 2004 ME 20 ¶ 7, 843 A.2d 43. However, a plaintiff may not proceed if the complaint fails to allege essential elements of the cause of action or is legally unavailing. *See Potter, Prescott, Jamieson & Nelson P.A. v. Campbell,* 1998 ME 70 ¶¶ 6-7, 708 A.2d 283.

Count I, even in the proposed second amendment, is cursory but does allege that Trafton Matzen adopted and joined in a contingency fee agreement entered between Rapelye and Lipman & Katz and that Trafton Matzen, along with the Lipman parties, breached that agreement. Proposed Second Amended Third-Party Complaint ¶¶ 10-11, 41-42. At the March 15 hearing counsel for Trafton Matzen expressed his understanding that there had been a separate contract between Trafton Matzen and Rapelye. If so, that may affect the viability of Count I as against Trafton Matzen. On its face, however, Count I – even assuming that it does not take crucial facts into account – adequately pleads a breach of contract claim.[6]

Rapelye's fraud claim (Count IV) is based on the theory that Trafton Matzen, as well as the Lipman parties, made specific misrepresentations to Rapelye that she was required to pay for expert witness fees to pursue the case. Proposed Second Amended Third Party Complaint ¶ 17. In the court's view this states a fraud claim with sufficient particularity to survive a motion to dismiss.[7]

---

[6] To the extent that Rapelye suggests that Trafton Matzen could also have breached the contract as a third-party beneficiary, *see* Proposed Second Amended Third Party Complaint ¶ 41, that is not a legally viable theory.

[7] Once again, if there was a separate contract between Rapelye and Trafton Matzen, that might affect the claim that contractual misrepresentations were made by Trafton Matzen. That does not affect whether, on its face, the proposed Second Amended Third Party Complaint states a cognizable fraud claim.

5

Rapelye's fraud claim includes allegations that "third party defendants" – without always drawing a distinction between them – additionally made representations that damages would be sought and misrepresented the terms of the contingency fee agreement when they said they had earned fees and when they withdrew from representing Rapelye. *Id.* ¶¶ 50, 63. It further alleges that Trafton Matzen adopted the false representations of Lipman and independently made the same false statements to Rapelye. *Id.* ¶ 66. Those allegations present a closer case but are sufficient to fairly apprise Trafton Matzen as to the fraud claims against it.

Counts VI and VII assert claims of negligent infliction of emotional distress and intentional infliction of emotional distress. Damages for emotional distress may be recovered in legal malpractice actions if a plaintiff proves that she suffered severe emotional distress and the attorneys' actions were not just negligent but egregious or caused additional non-economic harm such as damage to reputation. *Garland v. Roy*, 2009 ME 86 ¶ 24, 976 A.2d 940. Whether or not any malpractice or breach of fiduciary duty by the Lipman parties or by Trafton Matzen would, if proven, be sufficiently egregious to justify an award of damages for emotional distress cannot be determined on the face of the complaint.

The court concludes, however, that Rapelye cannot bring free-standing emotional distress claims. Where Rapelye has brought separate tort claims that would, if successful, permit recovery for emotional distress, all of her emotional distress claims will be subsumed in any damages awarded for those torts. With respect to her intentional infliction claim, the elements of that claim are the same to what she would have to prove to recover emotional distress damages under *Garland*. With respect to her negligent infliction

6

claim, allowing her to pursue that claim would circumvent the directive of *Garland* that such damages are not recoverable in legal malpractice actions unless egregious behavior or reputational harm is shown.

The court will therefore grant Trafton Matzen's motion to dismiss counts VI and VII of the Amended Third Party Complaint and the Proposed Second Amended Third Party Complaint.

The entry shall be:

1. The Lipman parties' motion to disqualify Attorney Bennett is denied without prejudice to renewal.

2. With respect to the claims against Trafton Matzen in Rapelye's first amended third party complaint and in her proposed second amended third party complaint, the motion by Trafton Matzen Belleau & Frenette LLP to dismiss is granted as to counts V (defamation), VI (negligent Infliction of emotional distress) and VII (intentional infliction of emotional distress). Trafton Matzen's motion to dismiss is denied as to count I (breach of contract) and Count IV (fraud).

3. Rapelye's motion to file a second amended third party complaint is granted subject to the dismissal, as against Trafton Matzen, of the claims referred to above. In the absence of objection from any party, that pleading shall be treated by the court as a second amended counterclaim, with Sumner Lipman, Esq., Lipman & Katz P.A., and Trafton Matzen treated as additional parties on the counterclaim pursuant to Rule 13(h).

4. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March 22, 2021

_____
Thomas D. Warren
Justice, Superior Court

Plaintiff–James Bowie, Esq.
Plaintiff–Glenn Israel, Esq.
Defendant–Jeffrey Bennett, Esq.
3rd Party Defendant Trafton...=Timothy Bryant, Esq.

Entered on the Docket: 03/23/21

7