STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-21-52

JEFFREY P. THURLOW,

Plaintiff

v.

ORDER

JOHN P. THURLOW, et al.,

Defendants

REC'D CUMB CLERKS OF
MAR 8 '22 AM8:17

Before the court is motion by plaintiff Jeffrey Thurlow ("Jeffrey") to dismiss the three counterclaims asserted by defendant John Thurlow ("John").

Jeffrey and John are brothers. Jeffrey's complaint seeks partition of certain property in Scarborough allegedly owned by Jeffrey and John as tenants in common. The complaint alleges that a physical partition of the property is impractical and therefore seeks a court order directing a sale of the property with an appropriate distribution of the proceeds after satisfaction of the existing mortgage.

John opposes partition and alleges that there is an express agreement between the parties with respect to the management, occupancy, and disposition of the property and that the agreement included a waiver of any right to seek partition. With his answer, John asserted three counterclaims, denominated as claims for breach of contract, tortious interference, and abuse of process. John is not represented by an attorney.

On Jeffrey's motion to dismiss, the material allegations of the counterclaims must be taken as admitted. *Ramsey v. Baxter Title Co.*, 2012 ME 113 ¶ 2, 54 A.3d 710. The counterclaims must be read in the light most favorable to John to determine if they set forth the necessary elements of

John's causes of action or allege facts that would entitle John to relief pursuant to some legal theory. *Bisson v. Hannaford Bros. Co., Inc.*, 2006 ME 131 ¶ 2, 909 A.2d 1010. Dismissal would be appropriate only when it appears beyond doubt that John is not entitled to relief under any set of facts that he might prove in support of his claim. *Moody v. State Liquor & Lottery Commission*, 2004 ME 20 ¶ 7, 843 A.2d 43. However, John may not proceed if his counterclaims fail to allege essential elements of his causes of action. *See Potter, Prescott, Jamieson & Nelson P.A. v. Campbell*, 1998 ME 70 ¶¶ 6-7, 708 A.2d 283.

## 1. Breach of Contract

As far as the court can tell, John's breach of contract claim may have been primarily asserted as a defense to Jeffrey's partition action because the only alleged breach of contract by Jeffrey that the court can discern is the commencement of this action.

In any event, Jeffrey seeks dismissal of John's contract claim because, he contends, any reliance by John on an alleged contract is barred by the Statute of Frauds because the agreement is not in writing. Assuming that the alleged agreement relied on by John is not in writing (which John appears to concede), the court does not agree that the Statute of Frauds would apply/

The Statute of Frauds applies to "any contract for the <u>sale</u> of lands . . .or of any interest in or concerning them." 33 M.R.S. § 51(4) (emphasis added). The alleged agreement set forth in John's counterclaim is not a contract for the sale of land or the sale of an interest in land. Instead, it id an agreement between the brothers with respect to the disposition of the land and their relative rights with respect to the land. John is not seeking to enforce an unwritten contract for the sale of land. *See Belanger v. Yorke*, 2020 ME 24 ¶ 23, 226 A.3d 215.

2

In addition, even if the Statute of Frauds were otherwise applicable, it can be overcome if there is a sufficient showing of part performance or a sufficient showing that there has been a change of position induced by the unwritten agreement. *See Sullivan v. Porter*, 2004 ME 134 ¶¶ 10-11, 930 A.2d 1025; *Gagne v. Stevens*, 1997 ME 88 ¶ 14, 696 A.2d 411.

Jeffrey's motion to dismiss John's contract claim is denied.


2. Tortious Interference

John's second counterclaim alleges that Jeffrey has tortiously interfered in John's "business of renting, maintaining, and otherwise enjoying the property." Counterclaim II ¶ 1.

Maine appears to recognize two causes of action under the rubric of "tortious interference." The first involves a claim of tortious interference with a contract or advantageous business opportunity. The elements of that claim are (1) that a valid contract or prospective economic advantage exist; (2) that the defendant interfere with that contract or advantage through fraud or intimidation; and (3) that damages have resulted from the allege interference. *Rutland v. Mullen*, 2001 ME 98 ¶¶ 13-16, 798 A.2d 1104.

The second category of "tortious interference" is for allegedly wrongful interference with an interest in property. *See Estate of Hodgkins*, 2002 ME 154 ¶16, 807 A.2d 626.

John alleges both kinds of tortious interference in his counterclaim. However, in both cases the actual interference alleged by John appears solely to consist of Jeffrey's commencement of this action. John does not allege how his rental business has been damaged or how he has been deprived by Jeffrey of the enjoyment of his property. On this claim, therefore, the court will grant Jeffrey's motion to dismiss with leave for John to replead, if he has a basis to do so, with allegations as to how his rental business has been damaged through fraud or intimidation and/or as to how his

3

past and current enjoyment of the property has been interfered with – other than by Jeffrey's commencement of this action. Any such amendment shall be filed on or before March 28, 2022.

John's tortious interference counterclaim includes an allegation that Jeffrey has defamed him. That issue will be addressed further below.

3. Abuse of Process

John's third counterclaim is for abuse of process. However, that is also based on the filing of this lawsuit. The filing of a lawsuit, even with an ulterior or improper motive, does not constitute a valid basis for an abuse of process claim. *Advanced Construction Corp. v. Pilecki,* 2006 ME 84 ¶ 23, 901 A.2d 189.

Litigants (even those represented by counsel) often file so-called abuse of process claims when they are actually alleging wrongful use of civil proceedings (the civil analog of malicious prosecution). John's third counterclaim, however, also does not state a cognizable claim of wrongful use of civil proceedings. Under Maine law the tort of wrongful use of civil proceedings requires proof that the defendant initiated or continued a lawsuit (1) without probable cause, (2) with a motive other than that of securing proper adjudication of the claim, and (3) the proceedings have terminated in favor of the plaintiff. *Pepperell Trust Co. v. Mountain Heir Financial Corp.,* 1998 ME 46 ¶ 17, 708 A.2d 651. John's third counterclaim – if intended as a claim for wrongful use of civil proceedings – fails because the proceedings have not been terminated in his favor.

4. Defamation Claim

As noted above, John's tortious interference claim includes an allegation that Jeffrey made an allegedly defamatory statement about John to local law enforcement.

4

John's abuse of process claim also contains a litany of alleged disputes between John and his brother and includes various allegations that Jeffrey's commencement of this lawsuit constitutes retaliation for John's objections to various allegedly wrongful actions by Jeffrey. The allegations of wrongful action by Jeffrey that are listed in John's abuse of process counterclaim appear to be included to demonstrate Jeffrey's alleged animus against John.

However, it is unclear why John has included a defamation allegation in his tortious interference claim. If John is in fact seeking to assert a counterclaim for defamation against Jeffrey, he shall file a motion for leave to amend his counterclaims to add such a claim, along with a pleading setting forth the proposed defamation claim itself,[1] on or before April 4, 2022.

The entry shall be:

1. Plaintiff Jeffrey Thurlow's motion to dismiss is denied as to defendant John Thurlow's counterclaim for breach of contract.

2. Jeffrey's motion to dismiss is granted as to John's counterclaim for tortious interference. John is granted leave to replead his claim of tortious interference on or before March 28, 2022 if he has a basis to allege that he has been damaged other than by the institution of this lawsuit and sets forth sufficient allegations to that effect.

3. Jeffrey's motion to dismiss is granted as to John's counterclaim for abuse of process.

4. If John is seeking to assert a defamation claim against Jeffrey, he shall file a motion for leave to do so on or before April 4, 2022.

5. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

---

[1] Any such pleading must provide notice of the date, content, and circumstances of the allegedly defamatory statement. See Picard v. Brennan, 307 A.2d 833, 834-35 (Me. 1973). If John asserts that the alleged defamation resulted in special damages, those must be pleaded as well. See Restatement 2d of Torts § 575.

5

Dated: March ___ 8___, 2022

_____

Thomas D. Warren
Active Retired Justice, Superior Court




Plaintiff–David Goldman, Esq.
Defendant–Pro Se
PII Saco & Biddeford Saving Institution–
  William Kany, Esq.

6